UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GEORGE SARAFIANOS, MARK
SOURIAN, GUY BILLUPS, AL
SCHRIFFRIN, WALTER BILLUPS, MARA
JACOBS, CHRISTIAN LEO SMITH,
RICHARD D. COHEN, JEFFREY
JAKUBIAK REVOCABLE LIVING
TRUST, LH FINANCIAL SERVICES
CORPORATION, BWCI PENSION
TRUSTEES, MELTRONICS RESOURCE
PARTNERS, L.P., FRANK PELLAGRINO,
and SILVANO MARCHETTO,

          Plaintiffs,

  - against -

SHANDONG TADA AUTO-PARKING CO.,
LTD.,

          Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/14

MEMORANDUM OPINION
AND ORDER

13 Civ. 3895 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

        Plaintiffs bring this diversity breach of contract action against

Shandong Tada Auto-Parking ("Shandong"). Plaintiffs allege that they made a

$725,000 loan to defendant on January 14, 2011 at an annual interest rate of fifteen

percent.[1] According to the written agreement, the loan was set to mature on either September 30, 2011 or on a new financing date.[2] No new financing date was ever negotiated and Shandong has never repaid the loan.[3]

Plaintiffs commenced the action on June 6, 2013 and filed an amended complaint on August 8, 2013. A copy of the summons and amended complaint was served on defendant on December 27, 2013 in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Defendant did not file an answer or otherwise move. On March 24, 2014, the Clerk of the Court issued a certificate of default. On March 31, 2014, plaintiffs moved for entry of a default judgment. On April 7, 2014, Shandong, through counsel, entered an appearance and filed its opposition to plaintiffs' motion for default judgment as well as a motion to dismiss the case.[4]

"Opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal [Federal]

---

1 *See* Amended Complaint ¶¶ 18, 22.

2 *See id.* ¶ 26.

3 *See id.* ¶ 27.

4 On April 3, 2014 the parties filed a joint letter seeking leave for defendant to enter an appearance and file the motions by April 7. The Court granted the request by endorsement. *See* Dkt. No. 4.

Rule [of Civil Procedure] 55(c) motion."[5] Rule 55(c) provides that the court may set aside a default "for good cause." "The dispositions of motions for entries of . . . default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."[6]

In determining whether to set aside an entry of default, the court must consider three factors: (i) whether defendant's default was willful; (ii) whether plaintiff would be prejudiced by vacatur of the default entry; and (iii) whether defendant has a meritorious defense to the action.[7] "It is the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard."[8] For this reason, "defaults are generally disfavored and are reserved for rare occasions" in the Second Circuit.[9]

Shandong explains that it was "served during the year-end holiday

---

[5] *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

[6] *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993).

[7] *See In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1138 (2d Cir. 1987).

[8] *Enron*, 10 F.3d at 96.

[9] *Id. Accord Independent Prods. Corp. v. Loew's Inc.*, 283 F.2d 730, 733 (2d Cir. 1960) (stating that entry of a default judgment is a "drastic remed[y], and should be applied only in extreme circumstances"); *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (recognizing that "dismissal is a harsh remedy to be utilized only in extreme situations").

season" and that an executive of the company only saw the documents on January 4, 2014.[10] Shangdong states that it "has no intent to default or disregard the proceedings" but had "a mistaken belief that its time to answer . . . would not expire [until] 90 days from January 4."[11]

Defendant explains that its motion to dismiss contends that "the individual person who signed the[] [loan] agreements allegedly on behalf of defendant [was] never an employee or authorized representative for Shandong" and that the "name [of the corporation] in the signature section" of the agreements, when translated in Chinese, is completely different from defendant's name.[12]

I conclude that defendant's default was not willful and was the result of a sincere mistake.[13] Defendant is a Chinese corporation with no place of business in the United States, so may have been unfamiliar with the Federal Rules of Civil Procedure. Further, Shandong's defense is that it never entered into this

---

[10] 4/7/14 Defendant's Memorandum of Law in Opposition to Plaintiffs' Application for Default Judgment, at 5.

[11] *Id.*

[12] *Id.* at 6. According to defendants, the names in the Purchase and Escrow Agreements were Beijing Xuanyixing Bio-Technology Co., Ltd. and Tiajin Tianyi Seamless Steel Manufacturing Co., Ltd., respectively.

[13] *See S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (holding that "willfulness" in this context must be "more than merely negligent or careless").

transaction, and had no knowledge of the alleged loan. Not only does this satisfy the "meritorious defense" prong of the Second Circuit's test, but it further supports the conclusion that the default was not willful. Defendant needed additional time to investigate the facts and obtain American counsel. Finally, the period of default was brief and there is no evidence that plaintiffs have been prejudiced as a result of the delay.

For these reasons, plaintiffs' motion for a default judgment is DENIED. The Clerk of the Court is instructed to close this motion (Dkt. No. 10) and withdraw the certificate of default (Dkt. No. 9). Per the parties' joint request submitted on April 24, 2014, plaintiffs' opposition to defendant's motion to dismiss is due on May 2, 2014. Defendant's reply is due on May 16, 2014.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         April 28, 2014

- **Appearances** -

**For Plaintiffs:**

Robert S. Bernstein, Esq.
Bernstein-Burkley, P.C.
707 Grant Street, Suite 2200
Pittsburgh, PA 15222
(412) 456-8101

**For Defendant:**

Yi Lin, Esq.
86 Bowery Suite 201
New York, NY 10013
(212) 964-5339