UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

GEORGE SARAFIANOS, MARK
SOURIAN, GUY BILLUPS, AL
SCHRIFFRIN, WALTER BILLUPS, MARA
JACOBS, CHRISTIAN LEO SMITH,
RICHARD D. COHEN, JEFFREY
JAKUBIAK REVOCABLE LIVING
TRUST, LH FINANCIAL SERVICES
CORPORATION, BWCI PENSION
TRUSTEES, MELTRONICS RESOURCE
PARTNERS, L.P., FRANK PELLAGRINO,
and SILVANO MARCHETTO,

            **Plaintiffs,**

    - against -

SHANDONG TADA AUTO-PARKING CO.,
LTD.,

           **Defendant.**

-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/14

**MEMORANDUM OPINION
AND ORDER**

13 Civ. 3895 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    BACKGROUND

        Plaintiffs bring this diversity breach of contract action against

Shandong Tada Auto-Parking ("Shandong"). Pursuant to Federal Rules of Civil

Procedure 12(b)(1), 12(b)(2), 12(b)(6) and 12(b)(7), Shandong moves to dismiss

for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief may be granted, and failure to join a party under Rule 19. For the following reasons, Shandong's motion to dismiss is granted.

Plaintiffs include thirteen parties that reside in the United States and one party, BWCI Pension Trustees Limited, that is a resident of Guernsey, which is a part of the Channel Islands.[1]  Defendant is a business corporation registered and doing business in China.[2]

Plaintiffs allege that they made a $725,000 loan to defendant on January 14, 2011 at an annual interest rate of fifteen percent.[3]  According to the written agreement, the loan was set to mature on either September 30, 2011 or on a new financing date.[4]  No new financing date was ever negotiated and Shandong has never repaid the loan.[5]

Plaintiffs commenced this action on June 6, 2013, and filed the Amended Complaint on August 8, 2013.  A copy of the summons and Amended

---

[1]     *See* Amended Complaint ¶¶ 3-16.

[2]     *See* Affirmation of Yi Lin, defendant's counsel, in Support of Defendant's Opposition to Plaintiffs' Applications for a Default Judgment and Cross Motion to Dismiss ¶ 4.

[3]     *See* Amended Complaint ¶¶ 18, 22.

[4]     *See id.* ¶ 26.

[5]     *See id.* ¶ 27.

Complaint was served on defendant on December 27, 2013 in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Defendant did not file an answer or otherwise move.  On March 24, 2014, the Clerk of the Court issued a certificate of default.  On March 31, 2014, plaintiffs moved for entry of a default judgment.  On April 7, 2014, Shandong, through counsel, entered an appearance and filed its opposition to plaintiffs' motion for default judgment as well as a motion to dismiss the case.[6]  On April 9, 2014, I denied plaintiffs' motion for entry of a default judgment.

## II.    LEGAL STANDARD

### A.    Subject Matter Jurisdiction

Federal courts have limited jurisdiction and may not entertain matters over which they do not have subject matter jurisdiction.[7]  Section 1332 of Title 28 of the United States Code confers subject matter jurisdiction to the federal district courts, giving them original jurisdiction over cases, in relevant part, "where the matter in controversy exceeds $75,000, exclusive of interest and costs and is

---

[6]      On April 3, 2014, the parties filed a joint letter seeking leave for defendant to enter an appearance and file the motions by April 7. The Court granted the request by endorsement. *See* Docket No. 4.

[7]      *See Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).

3

between . . . (2) citizens of a State and citizens or subjects of a foreign state[.]"[8]

"The general rule requiring complete diversity between opposing parties is explicit and unequivocal."[9] "[T]he presence of aliens on two sides of a case destroys diversity jurisdiction."[10] Diversity of citizenship is determined as of the time the lawsuit was filed.[11]

## B.    Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) allows a party to assert by motion the defense that the Court lacks subject matter jurisdiction to hear a claim. "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court [] may refer to evidence outside the pleadings."[12] Thus, a district court may refer to evidence such as sworn affidavits, correspondence between the parties,

---

[8]     28 U.S.C. § 1332(b)(2).

[9]     *International Shipping Co., S.A., v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989).

[10]    *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) (citation omitted). *Accord Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir. 1993) ("[T]he alignment of alien corporations as both plaintiffs and defendants defeats the allegation of diversity jurisdiction[.]").

[11]    *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989).

[12]    *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted).

4

contracts, or other relevant documents.[13]  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."[14]  However, courts also have an "independent obligation to examine" their own subject matter jurisdiction.[15]

## III. DISCUSSION

Because plaintiff BWCI Pension Trustees Limited is a resident of Guernsey and defendant is a resident of China, aliens are present on both sides of the dispute.  Thus, diversity is destroyed.  Because the Complaint raises only state law claims, this Court lacks subject matter jurisdiction, and the case must be dismissed.  Accordingly, Shandong's motion to dismiss is GRANTED.  The Clerk of the Court is instructed to close this motion (Docket No. 13) and this case.

---

[13]    *See King's Gym Complex, Inc. v. Philadelphia Indem. Ins. Co.*, 314 Fed. App'x 342, 343 (2d Cir. 2008) (citing *Makarova*, 201 F.3d at 113).

[14]    *Makarova*, 201 F.3d at 113 (citation omitted).

[15]    *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

5

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 5, 2014

6

## - Appearances -

### For Plaintiffs:

Robert S. Bernstein, Esq.
Bernstein-Burkley, P.C.
707 Grant Street, Suite 2200
Pittsburgh, Pennsylvania 15222
(412) 456-8101

### For Defendant:

Yi Lin, Esq.
86 Bowery Suite 201
New York, New York 10013
(212) 964-5339