UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GEORGE SARAFIANOS, MARK SOURIAN, GUY BILLUPS, AL SCHRIFFRIN, WALTER BILLUPS, MARA JACOBS, CHRISTIAN LEO SMITH, RICHARD D. COHEN, JEFFREY JAKUBIAK REVOCABLE LIVING TRUST, LH FINANCIAL SERVICES CORPORATION, BWCI PENSION TRUSTEES, MELTRONICS RESOURCE PARTNERS, L.P., FRANK PELLAGRINO, and SILVANO MARCHETTO,

        Plaintiffs,

 - against -

SHANDONG TADA AUTO-PARKING CO., LTD.,

        Defendant.

------------------------------------------------------------X

MEMORANDUM OPINION AND ORDER

13-cv-3895 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/14

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    BACKGROUND

        Plaintiffs bring this diversity breach of contract action against Shandong Tada Auto-Parking ("Shandong"). Plaintiffs commenced this action on June 6, 2013, and filed the Amended Complaint on August 8, 2013. A copy of the

1

summons and Amended Complaint was served on defendant on December 27, 2013 in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Defendant did not file an answer or otherwise move.  On March 24, 2014, the Clerk of the Court issued a certificate of default.  On March 31, 2014, plaintiffs moved for entry of a default judgment.  On April 7, 2014, Shandong, through counsel, entered an appearance and filed its opposition to plaintiffs' motion for default judgment as well as a motion to dismiss the case.[1]  On April 9, 2014, I denied plaintiffs' motion for entry of a default judgment.

Shandong then moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief may be granted, and failure to join a necessary party.  On June 5, 2014, I granted Shandong's motion to dismiss based on the absence of subject matter jurisdiction.  On June 20, 2014, plaintiffs moved to reopen the case and for leave to amend a Second Amended Complaint to drop the alien plaintiff to create diversity jurisdiction.  For the following reasons, these motions are GRANTED.

---

[1]   On April 3, 2014, the parties filed a joint letter seeking leave for defendant to enter an appearance and file the motions by April 7.  The Court granted the request by endorsement.  *See* Docket No. 4.

## II.   FACTS

In 2010 in Beijing, Shandong signed a non-binding Term Sheet with Corinthian Partners, LLC ("Corinthian"), which summarized the proposed terms of a bridge loan Shandong intended to obtain through Corinthian.[2]  The Term Sheet clearly states that it "is not intended to be and should not be construed as a commitment to lend . . . The final documentation . . . will be subject to approval by [Shandong], Corinthian, and the Lenders."[3]  This Term Sheet was signed by Mitchell Manoff on behalf of Corinthian and Guo Shou Jin, Shandong's authorized Chief Executive Officer[4].

Plaintiffs allege that on January 14, 2011, they entered into a Purchase Agreement whereby they made a $725,000 loan to defendant at an annual interest rate of fifteen percent, according to the terms in the Term Sheet.[5]  The Purchase Agreement was signed by David Dodge, allegedly acting in the capacity of Shandong's Chief Financial Officer.  Each of the plaintiffs transferred the funds to

---

[2]   *See* Term Sheet, Ex. A to Verified Amended Complaint ("Compl."), at 1-8.

[3]   *See id.* at 1.

[4]   *See id.* at 8.

[5]   *See* Compl. ¶¶ 18-19, 22.

defendant through its Escrow Agent, K&L Gates, LLP.[6] The Escrow Agreement as well as the Debenture were also signed by David Dodge as Chief Financial Officer of Shandong.[7] According to the Purchase Agreement, the loan was set to mature on either September 30, 2011 or on a new financing date.[8] No new financing date was ever negotiated and Shandong has never repaid the loan.

## III.   LEGAL STANDARD

### A.   Failure to State a Claim

For a court to grant leave to amend a complaint, the proposed claim(s) must be able to withstand a Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted." In applying this standard, a court must "accept[ ] all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor."[9] The court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents

---

[6]   See id. ¶ 23.

[7]   See Escrow Agreement, Ex. C to Compl. at 6; Debenture, Ex. B to Compl. at 14.

[8]   See Compl. ¶ 26.

[9]   Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011) (quotation marks omitted).

incorporated by reference in the complaint."[10]  The court may also consider legally required public disclosure documents filed with the SEC.[11]

The court evaluates the sufficiency of the complaint under the "two-pronged approach" suggested by the Supreme Court in *Ashcroft v. Iqbal*.[12]  Under the first prong, a court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[13]  For example, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[14]  Under *Iqbal*'s second prong, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[15]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[10]   *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

[11]   *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citing *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000)).

[12]   556 U.S. 662, 678–79 (2009).

[13]   *Id.* at 679.

[14]   *Id.* at 678.

[15]   *Id.* at 679.

misconduct alleged."[16]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[17]

### B.  Breach of Contract

To establish a claim for breach of contract under New York law, a party must prove "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages."[18]  In determining a party's obligations under a contract, it is not for the court to "supply a specific obligation the parties themselves did not spell out."[19]  "The interpretation of an unambiguous contract is a question of law for the court, and the provisions of a contract addressing the rights of the parties will prevail over the allegations in a complaint."[20]

## IV.  DISCUSSION

The facts as pleaded in the proposed Complaint are sufficient to allege a valid contract between plaintiffs and Shandong.  Plaintiffs contend that they

---

[16]  *Id.* at 678.

[17]  *Id.*

[18]  *Terwilliger v. Terwilliger*, 206 F.3d 240, 245-46 (2d Cir. 2000).

[19]  *Tonking v. Port Auth. of New York & New Jersey*, 3 N.Y.3d 486, 490 (2004).

[20]  *Id.*

executed a Purchase Agreement, signed by David Dodge as Chief Financial Officer of Shandong, and subsequently performed the contract by transferring the funds through defendant's Escrow Agent. Shandong then breached the contract when it failed to repay the loan.

Although defendant argues and plaintiffs concede that the Chinese characters below "Shandong Tada Auto-Parking Co., Ltd." in the Purchase Agreement identify Beijing Xuanyixing Bio-Technology Co., Ltd. and Tianjin Tianyi Seamless Steel Manufacturing Co., Ltd., the significance of this discrepancy is not for the Court to decide on a motion for leave to amend.[21] The Court may not consider the veracity of Shandong's claim that David Dodge was unknown to defendant and did not have the authority to sign the Purchase Agreement at this stage.[22] However, the Court notes that David Dodge signed not only the Purchase Agreement but also the Debenture and Escrow Agreement. Further, I take judicial notice of the SEC filing of Shandong's Form D (Notice of Exempt Offering of

---

[21] *See* Affirmation of Yi Lin, defendant's counsel, in Support of Defendant's Opposition to Plaintiffs' Application for a Default Judgment and Cross Motion to Dismiss ¶¶ 22, 24, 27; Plaintiffs' Response to Defendant's Motion to Dismiss at 7.

[22] Defendants raise this claim in the Affirmation of Yi Lin, which is not part of the pleading. The Court may only "consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint" in deciding a motion for leave to amend. *DiFolco*, 622 F.3d at 111.

Securities) dated January 31, 2011 signed and submitted by David Dodge as Chief Financial Officer of Shandong.[23]  Because the Court is required to "accept[ ] all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor" when granting leave to amend, the plaintiffs may proceed on a breach of contract theory.[24]

## V. CONCLUSION

Plaintiffs allege sufficient facts in the proposed Complaint to state a breach of contract claim between themselves and Shandong and will establish diversity by dropping the alien plaintiff.  Accordingly, plaintiffs' motions to reopen the case and for leave to amend the Complaint are GRANTED.  The proposed Amended Complaint must be filed no later than July 11, 2014.  The Clerk of the Court is instructed to close these motions [Docket Nos. 25, 27, 28].  A conference is scheduled for July 29, at 4:30 p.m.

---

[23]   It appears that this filing is the one referenced in the Purchase Agreement.  *See* Purchase Agreement, Ex. A to Compl. at 1.

[24]   *Wilson*, 671 F.3d at 128 (quotation marks omitted).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         July 7, 2014

## - Appearances -

**For Plaintiffs:**

Robert S. Bernstein, Esq.
Bernstein-Burkley, P.C.
707 Grant Street, Suite 2200
Pittsburgh, Pennsylvania 15222
(412) 456-8101

**For Defendant:**

Yi Lin, Esq.
86 Bowery Suite 201
New York, New York 10013
(212) 964-5339